LORD (MISTON v.). See Case No. 9,655.

## Case No. 8,508.
### The LORD WELLINGTON.
[2 Gall. 103.] [1]
Circuit Court, D. Rhode Island. June Term, 1814.

PRIZE—CARGO FROM ENEMY'S SHIP—PRETENCE—SEIZURE ON RETURN VOYAGE.

If an American vessel take on board a cargo from an enemy's ship, under the pretence. that it is ransomed, it is an illegal traffic, for which, by the law of war. she is liable to condemnation as prize of war, and may be seized on the return voyage.

[Cited in Caldwell v. Southern Exp. Co., Case No. 2,303.]

See The Joseph [Case No. 7,533]; The Rapid, 8 Cranch [12 U. S.] 155; The Diana [Case No. 3.876].

[Appeal from the district court of the United States for the district of Rhode Island.]

This was an information filed in behalf of the United States by the district attorney, claiming the sloop Lord Wellington, as forfeited to the United States for an alleged trading with the enemy. From the facts admitted by the claim, or proved by the evidence. it appeared that the sloop, on the 11th of December, 1813, cleared out from Newport for New York, and a manifest was then produced at the custom-house, and sworn to by the master, stating the cargo on board to be 700 tons of iron, and six tons of burr stone. In fact there was no cargo on board. The sloop sailed from Newport, went alongside of the British squadron in Long Island Sound, and there received the iron on board, which was thereupon transported to New York, and upon her return to Newport, about the 4th day of January, 1814, the sloop was seized by the commander of the revenue cutter, as prize to the United States. The special claim filed by the claimants [Sandford and others] admitted, that the cargo had been taken on board, as above stated; and averred, that it had been some time previously captured from another American vessel, the Amelia, bound from New York to Newport, and was ransomed by the American owners from the British captors under a special agreement, and the sloop Lord Wellington was engaged by the owners to pay the ransom and take the iron back to New York.

Mr. Robbins, for the United States.
Mr. Burrill, for claimants.

STORY, Circuit Justice. This is a very clear case of trading with the enemy. Wheth-

1 [Reported by John Gallison, Esq.]

er the facts stated in the special claim are true or not, is not now material to be considered. It is not competent for American citizens to engage in this sort of traffic with the public enemy. Even admitting the ransoming of captured property to be legal, it cannot be admitted to be made at any distance of time, and by any new voyages undertaken for this especial purpose. There would be no end to such intercourse; or to the dangers, which would thereby arise to the country. No intercourse of this kind can be carried on, except by the express permission of the government. I will not stop to consider, whether the claim can be supported in point of fact. It comes with no very good grace, after an inception of the voyage by a most gross and palpable perjury in swearing to a cargo, which was not on board. This was a fraud, which deserved no countenance, and can be sustained by no apology. I condemn the sloop to the United States.